(No. 5668— )

HOEFFKEN BROS., INC., Claimant, *vs.* STATE OF ILLINOIS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed April 1, 1975.*

HOEFFKEN BROS., INC., Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

HOLDERMAN, J.

This cause coming on to be heard upon the petition of claimant for rehearing, and the Court having examined said petition and the file in said cause of action, and having heard the oral argument of both the respondent and the claimant, and having carefully looked into matters that were supposed to have been overlooked or misapprehended by the Court, the Court FINDS:

That both the north and south roads were built by the claimant and were constructed at or about the same time, that the same method of construction was used in both sections, and that the material used in both sections was taken from the same borrow pit designated by the State.

It appears further from the record, that there was a period of heavy rainfall at the time of the construction of the section complained of and that, despite this condition, the claimant was ordered to proceed by the respondent.

It is abundantly clear from the record, that the State desired to complete this entire section of road as soon as possible. This is evidenced by the Order directing the

claimant to work six days per week instead of five, and also by the Order of the engineer, even while recognizing the condition of the fill, which ordered the claimant to proceed.

The record is also clear that there was a Change Order as to the material to be used in the construction of the road so that better drainage could be obtained.

The respondent alleges that the damage, in part, was caused by the method of construction used by the claimant, despite the fact that both sections were constructed in the same manner.

This Court has held on many previous occasions that where evidence disclosed that there was a change in plans, or delays resulting in a change of plans because of action by the State, then the contractor is entitled to extra compensation. *25 C.C.R., Page 139, 24 C.C.R., Page 419, 24 C.C.R., Page 451.*

It is the belief of this Court that the only place it erred in its original opinion was in the amount of damages awarded to the claimant. A very careful re-reading of the entire record and an examination of the exhibits indicates that the total claim of the claimant, as finally submitted, was in the amount of $49,688.59.

The Court is still of the opinion that there was some fault on the part of the claimant in proceeding under the conditions they did, even though being pressed by the State.

Therefore, instead of allowing the entire amount of $49,688.59, the Court believes an award of $24,844.29 is an equitable amount.

An award is hereby entered in that amount.